**HICKS–PONDER COMPANY, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 27177

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 25, 1970.

Rehearing Denied and Rehearing En Banc Denied April 15, 1970.

John Edward Price, Ft. Worth, Tex., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Elmer P. Davis, Reg. Dir., Ft. Worth, Tex., for respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5th Cir. R. 18.

The National Labor Relations Board found that the Hicks-Ponder Company violated section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by interfering with, restraining, and coercing its employees in the exercise of their section 7 organizational rights. It also found an 8(a) (3) and (1) violation in the discriminatory discharge of employee Josephine Jaime. The question before us, again, is whether substantial evidence on the record taken as a whole supports the findings. See NLRB v. Monroe Auto

Equipment Co., 5 Cir. 1968, 392 F.2d 599.

There is ample evidence to support the Board on the first violation. The second is complicated in that several of the relevant witnesses gave evasive testimony. Apparently none presented a completely accurate and detached statement of what occurred. But on the basis of the record we are unable to say that the Trial Examiner—and the Board in affirming him —made erroneous credibility determinations.

Consequently, we enforce the order of the Board.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.